Clerk, please call the first case. 1093310, Osgood Industries v. Bolton. May it please the Court, my name is Nadine Oyo. I represent Osgood Industries on behalf of One Beacon. And we are here seeking reversal before you to the two-to-one commission decision and seek agreement to the Commissioner Lindsay's dissent at the commission level. We see two main issues, which was presented in our brief. The first one is- Keep your voice up just a little more, please. Sorry, I have a cold. I can't hear myself. We believe the allowance of a petitioner to take the deposition of his doctor after the conclusion of the trial was an abuse of discretion. No good cause was presented for this as to why the deposition was not completed prior to the trial. And secondly, we believe that the manifest weight of the evidence shows that petitioner, petitioner condition is not related to the April 12, 2005 accident. Going to the facts of the case, a petitioner filed two claims. One for an accident on April 12, 2005. Another one for September, December 2004, I'm sorry. Another one for December, September 2004. He had surgery in July of 2004 for the April accident and was returned to work in August of 2004. He then returned to the doctor, stating that he'd been working long hours and therefore felt additional pain in his knee. December 2004, another MRI was completed and Dr. Hollis Treter felt there was a re-tear of the meniscal. After this, he also went to see Dr. Levin, our independent medical examiner, and told Dr. Levin of the September accident that he'd had another accident. Pursuant to this, he then completed another surgery. Also in the physical therapy records in March, he also advised that he'd had a re-torn meniscal. Specifically, our arbitrator, Commissioner Lindsay, stated that she did not find there was no second accident because Petitioner specifically had filed the two applications, then stated he had been doing a lot of work, then the December MRI showed a re-tear, which Dr. Hollis noted, and the physical therapy records also stated he had a re-tear. Dr. Levin not only examined him on February 14, 2005, where Petitioner stated he had another accident, but also again on September 20, 2007, where also Petitioner advised Dr. Levin again that he'd had another accident. Counsel, during the hearing, the claimant reaffirmed that he had suffered only one injury, and he and his counsel agreed to dismiss the application based on the December 2004 injury. Is that correct? Yes. They stood only on the April 2004 injury. Yes, they did. And the arbitrator specifically stated, you understand that if I don't find in relation to the April accident that you've pretty much dismissed this other claim and therefore you would have no recourse. And during the trial, a lot of the testimony of Petitioner was to disclaim and advise and discuss why Dr. Levin apparently misinterpreted his statements. No, I did not say I had another accident. I don't know where he got that. It's not only in one IME report. Dr. Levin specifically asked him again on the September 20, 2007 IME, whether he had a second accident, which Petitioner said he did. Petitioner's attorney was well aware that we were objecting to the narrative report. He chose not to take the deposition regardless. And only at the end of the testimony at that trial date, after the arbitrator stated that Respondent had a valid objection, did Petitioner's attorney state that he would then now want to take the deposition. I again objected. And the arbitrator provided no good cause other than that Petitioner had no ability to protect his claim, but to take this deposition now after the trial had been completed. The section stated in our brief specifically, Section 730.60, states that evidence depositions of any witness may be taken after the hearing begins only upon order of the arbitrator or commissioner for good cause shown. There was never ---- But who determines that? I'm sorry? Who determines the good cause? The arbitrator. Did he hear? Did he hear whether there was good cause? Did he do it in this case? He did not state any good cause. He made no specific finding? No, he did not. The actual transcript is from April of 2008. And in that case, the only thing he said was that Petitioner would now be allowed to take the depositions because he had no recourse. There was no causal connection opinion other than Dr. Levin stating it was a second accident and that there was a second accident. But for a narrative report that was objected to, and Petitioner then went and decided to take that deposition after the trial was completed. It's basically an ability allowance to rehabilitate evidence after the trial was completed to now support the claim, whereas at trial he didn't have that evidence available. But he could have had it available had he taken the deposition. Well, the arbitrator did not close proofs that day, right? So the trial had not been completed. Well, actually all the testimony had been completed. The trial could have been completed without any issue. The Petitioner's attorney knew that there was an objection. There's a difference between being completed and could have been completed, right? There is a difference, but the problem is that all the testimony had already been done. Everything was done. Your argument is that but for the ruling of the arbitrator, it would have been completed. It should have been completed. The Petitioner's attorney was well aware. He wanted to proceed. And it was only because the arbitrator said, you know what, no, you can't get this evidence in, that he realized he didn't have the consolidation evidence he needed. And he said, well, then I now want to not close proofs. And I objected. I said, no, we went to trial today. You were well aware of my objection. You specifically said you won't do it. And now after the fact, to rehabilitate your claim, to get the evidence in, the arbitrator specifically said Petitioner has no recourse but to do this now. Otherwise he doesn't have the evidence he needs. That was the basic conclusion. The manifest way to the evidence as it stands, first without the deposition of Dr. Hall, is that Petitioner specifically filed two applications. There was a re-tear shown on the MRI. Dr. Levin's IME reports consistently state there's a second accident, and that was the reason why Petitioner now had this condition of well-being. And the arbitrator specifically relied on the deposition of Dr. Hall. The commission, except for the dissent, also relied on the deposition of Dr. Hall. Even in the objectionable deposition of Dr. Hall, Dr. Hall admitted that he repaired the tear. Petitioner went back to work. Arguably he says light duty. Then he tells his doctor that there is no light duty available in the medical records. And then the MRI says there's a re-tear. And Dr. Hall in his deposition even admitted he wouldn't have done another surgery in February 2005 but for the tear that was found, because he said that there was no tear after he repaired it. That's why the man went back to work. So we believe that the manifest way of the evidence without Dr. Hall's deposition testimony shows that there was a second accident. That was the reason for his current condition. And even with the deposition, he admits that there was no tear after the surgery. The man went back to work and then returned with a re-tear and an MRI in December. Thank you, counsel. Thank you. Counsel, please. Good morning. My name is Henry Sesney. I'm here on behalf of Mr. Bohl. Why did you get so many breaks in this case and not do your job? I believe, sir, that the pre-trial discussion with Petitioner's attorneys. Put your voice up. I believe that the pre-trial discussion with Petitioner's attorneys was different than as described. And with regard to the presentation of Dr. Hall's record. Petitioner's attorney was what? The pre-trial discussion with Petitioner's, I mean Respondent's attorney, was not as described. We had. How many years to get ready to try this case? Actually, Your Honor, this is not my case. This is Mr. Ruffalo's case. I took it over for him. It's your case. Yes, sir. Your case. Yes, sir. And you're the one responsible. Yes, sir. And I took the case and brought it to trial because of the fact that they had paid this man with a 14-year employee for almost two and a half years. And then all of a sudden, because of the fact they discovered they have some other insurance available, they stopped paying him. Now, the question is not whether or not he had an injury or numerous injuries. But the whole time he's working for Osgood Industries, he's not working for Beacon One Insurance or Zenith Insurance. The irrelevancy of which policy covered this is the reason it had to go to trial. I don't understand why they couldn't agree between themselves, each insurance company. Yes, this man has a debilitating injury. A number of surgeries have been performed. Their own doctors agree that certain portions of this surgery should have been performed. Other portions should not have been performed. Dr. Hall, in his testimony, which is also contained in his complete medical records which were submitted, would not have been any different. The question is, I supplied a letter from Dr. Hall which identified that the current treatment of Mr. Bohl and his current disability was related to the original accident. Now, this all occurred prior to the case being put on. All this information was available to the respondent's attorney. Well, let's assume that to be the case. Yes. You've got some impediments to overcome in allowing and supporting the idea that the arbitrator did not err in allowing the new deposition evidence after the start of the hearing. As you know, there's some time and notice requirements that are involved in this. What, first of all, caused the impediment in presenting Hall's opinions? What caused the impediment? Other than the fact that he was excluded or the arbitrator ruled to exclude him, what caused the inability to present his opinions in the first instance? None. Numerous reports and medical reports were available to the respondents. In addition, there was a complete medical record review done by Dr. Mash for the respondent. Their other attorney had that done in order to establish that the original accident was responsible for this entire series of events. So are you saying that in trial you were caught off guard by the exclusion? I was caught off guard by Mr. Bohl saying that he didn't have a second answer. I was surprised. All right. Getting aside from that and going over that hurdle for the moment, how do you respond to an argument there was no good cause shown, which ostensibly is a requirement of being able to take leave from the trial? Where is the good cause to allow this deposition? The good cause to allow this deposition was, number one, it wasn't clear that Mr. Bohl completely understood what he was saying. You know, if he was in Dr. Levine's office and taking 18 Vicodin a day, is it possible that he could have misspoke? What does it have to do with taking the good cause being established to take the deposition? Well, the only person that would know other than Dr. Levine and Mr. Bohl would be the treating physician. He's the only and the final arbiter of this series of events. Whether or not the original or subsequent events occurred, in any event, the result is the same. He was treating this gentleman not only for a serious problem with his knees, but also he indicated that after he performed the medial meniscus repair, there was not much medial meniscus left after that original tear was performed. This is just an ongoing series of problems this man has had with his knees. All right. So did you ask the arbitrator to make a finding of good cause? Is there a finding of good cause that you can point to in the record, aside from your argument here? Aside from my argument here, Your Honor, I went in on a motion for denimis. That motion for denimis explained what I required. That motion for denimis was signed by the arbitrator and a hearing was held. That was after the original refusal after the trial had begun by a respondent's attorney to allow me to schedule the deposition of Dr. Hall. I then had to come back in on a motion for denimis. There was a hearing and an order entered. So it's by implication you're saying good cause? I'm saying that the arbitrator did find good cause. I'm saying the arbitrator did sign my order ordering the denimis. He signed an order to do what? He signed an order of denimis for Dr. Hall. After the trial had begun, I had requested on numerous occasions. Why wasn't it done right away when you're going into the first hearing? Why weren't you prepared? I'm sorry to say that I was surprised by Mr. Bowles' testimony. Okay. Are you saying you needed the deposition because Mr. Bowles, in his testimony, said there was no, I guess it was September injury? Quite frankly. And tell us why. Quite frankly, you know, what's the difference if Osgood Industries was responsible  What's the difference? In my opinion, he had both of those events covered. He had two abs file. When I went into the courthouse prepared to prove this up, and Mr. Bowles' testimony came out under oath that, no, nothing else happened. I didn't have another accident. Well, that kind of surprised me. I take it that was obvious in the hearing, that that was a surprise, and then you moved to dismiss that claim. Well, that's why we took so much time to caution him about, you know, dismissing the second application for adjustment of claim. Okay. Now, what did that have to do with your lack of proof when the arbitrator did not allow the medical record? It was basically a letter from Dr. Hall establishing causal connection for the most recent treatment. We had hundreds of pages of Dr. Hall's previous medical records admitted into evidence. Okay. You started out with two claims. You're saying you were prepared with what you consider to be appropriate evidence to make your case and hopefully prevail on each claim. Am I correct? Yes. So at the point at which your client says, no, I didn't have a second accident or whatever, and you remove that from the table, the material you had for the second claim would not go and establish the theory on the first claim. Am I correct? They were never segregated. They're all continuous treatment records. Almost three years ago. Well, I thought I understood that you had sufficient admitted into evidence from the first claim from Dr. Hall. Am I correct? Yes, sir. But that you needed additional material from Dr. Hall. Current treatment and future treatment that would be necessary. Dr. Hall also opined in his deposition testimony that future surgeries may be required, that he had not reached the state of MMI. Okay. Let me ask you another question. Are you saying that, at least in the record, the record shows that at the time that you asked for the deposition, Respondent's counsel said, I told him beforehand I was going to object to the medical report. And you started off today saying that conversation wasn't as represented. Well, what's your side of that? That conversation was not as represented. That's right. And you didn't say that at the time of the arbitration. Is that because the arbitrator said, well, I'm overruling your objection, you'd already won, so you didn't need to? The arbitrator could allow the report, and it was from a treating physician. It was no surprise. As a matter of fact, Respondent had opportunity to examine the records of Dr. Hall again prior to the trial. They were all available. Dr. Mash wrote a very lengthy letter with amendments. Those were not allowed. Are you saying when you got there you did not anticipate an objection from Respondent's attorney to that report? I did not anticipate an objection from the attorney from the second claim. Okay. This is where all this fits in together. Right. The second attorney had no objection to me putting that letter in. As a matter of fact, that would have aided her case and supported Dr. Mash's opinion. So we had two different attorneys on each one? A different attorney on each one? That's correct. Because we had two different insurance companies. Right, two different insurance companies, two different opinions, two different attempts to lay the blame one on the other. I don't know what else I could have done. So that's why you didn't think you needed a deposition in advance? That's correct, because Ms. Lafayette indicated that she would not object. Thank you, Counsel. Thank you. Rebuttal, please. From my understanding, Counsel says that he was unaware of an objection that I had to his NARIC report, even though correspondence was provided. And there is lots of correspondence and evidence in the record that discusses the two accidents and providing of NARIC reports and objections. There are two prior to trial. The NARIC report dealt with the causal connection to either one of the accidents. Dr. Hall's records are very brief in his discussion, and there was no causal relation opinion. The causal relation opinion at trial was from Dr. Levin. I still did not hear a good cause for why he didn't take the deposition when he was aware of my objection prior to. What about his argument that the arbitrator found good cause when he signed his writ? The arbitrator stated that the good cause was because Petitioner's attorney had no recourse but to take the deposition to perfect his claim because he didn't have the evidence. So therefore the argument is that's not a basis for finding a good cause, because that's inherent in every proceeding. Well, basically what it is, is I don't have the evidence at trial. I'm going to go to trial anyway. But now the arbitrator is going to let me go back and get additional trial after the fact to support what I wanted to do in the first place. That is not appropriate. If you're going to trial, then have your evidence. Have it presented. Specifically, this Court found, and it's in Petitioner's brief, Mobile Oil, that it was a 19b hearing, 19b1 hearing, and they did not present three witnesses and the materials that were supposed to be presented prior to trial. And in that case, this Court found that there was no good cause for having failed to follow the procedure to let them know about these witnesses prior to trial. And therefore, there was no abuse of discretion when those witnesses were excluded. In this case, the arbitrator's good cause essentially was, well, he couldn't finish up his claim today because he doesn't have the opinions he needs, so I'm going to let him go back and rehabilitate his claim once more and let him do it again because he wasn't prepared for the first trial. Petitioner's attorney even admitted numerous injuries. It doesn't matter how many injuries Petitioner had. All that matters is that he was injured. I don't believe that is accurate. And when he stated that all this material had been provided prior to trial, yes, and I objected to it consistently. And I was very confused as to why he wasn't going to proceed with the necessary steps to have evidence entered at the time of trial. Thank you. Thank you.